LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Telephone: (808) 543-2055
Fax: (808) 543-2010
E-mail: lunsfordp001@hawaii.rr.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIC PARR, | ) | CV. NO. 11-00514 ACK/BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS |
| vs. | ) | TO GRANT PLAINTIFF'S |
| | ) | MOTION FOR JUDGMENT |
| KALANI CORP., | ) | BY DEFAULT |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

Before the Court is Plaintiff Eric Parr's ("Plaintiff") Motion for Judgment by Default ("Motion"), filed November 28, 2011. This matter came on for hearing on January 4, 2012, with Lunsford Dole Phillips, Esq., appearing on behalf of Plaintiff. No one appeared for Defendant despite having been served with notice of the Motion and the hearing.

After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS AND

RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiff, a closed-head quadriplegic, has been unable to patronize Defendant's cocktail lounge due to an architectural barrier that prevents wheelchair access. He filed a lawsuit [USDC 11- 00514 ACK/BMK] against Defendant KALANI CORP., doing business as Cindy's Place, on August 23, 2011. That Complaint alleged that Defendant operated a place of public accommodation that was in violation of the Americans with Disabilities Act ("ADA") and the parallel state law. Defendant did not appear or defend, and Plaintiff received an Entry of Default on October 24, 2011. Defendant was served with that pleading but made no contact. To date Defendant has not made any response of any kind to this action.

The Complaint seeks the minimal barrier removal required by the cited laws. Specifically the Complaint seeks an injunction requiring Defendant to fully comply with the ADA within ninety days; $1,000 in monetary damages as provided by Hawai`i Revised Statutes § 347-13.5; and litigation expenses, including attorney's fees.

## DISCUSSION

**I. Default Judgment**

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

However, a plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right. *See Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. *See In re Roxford Foods, Inc.*, 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (*citing Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:
(1) the possibility of prejudice to the plaintiff,
(2) the merits of the plaintiff's substantive claim,
(3) the sufficiency of the complaint,
(4) the sum of money at stake in the action,
(5) the possibility of a dispute concerning material facts,
(6) whether the default was due to excusable neglect, and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.
*Warner Bros.*, 346 F. Supp. 2d at 1071-72 (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). Plaintiff has diligently litigated this case and he will be prejudiced if the entry of judgment is delayed. The Court also finds that Plaintiff's Complaint sufficiently alleges substantive claims.

Further, in light of the fact that Defendant has made no appearance in this case, there is no possibility of a dispute over the material facts and there is no indication that the default was due to excusable neglect.

This Court therefore finds that factors (1), (2), (3), (5), and (6) weigh in favor of granting the Motion.

Factor (4) also weighs in favor of granting the Motion. Plaintiff seeks only the $1,000.00 statutory damages provided for in Hawai`i Revised Statutes § 347-13.5. The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits, but Defendant is not entitled to the benefit of that policy given its repeated failures to defend the merits in any fashion.

Having considered all of the relevant factors, this Court FINDS that default judgment is warranted in this case.

## II. Injunctive Relief

Plaintiff seeks an injunction that requires Defendant to bring its places of public accommodation into compliance with the ADA within ninety days by doing the barrier removal set forth above. Under the ADA discrimination includes: "a failure to remove architectural barriers …in existing facilities. . . where such removal is readily achievable[.]" 42 U.S.C. §12182(b)(2)(A)(iv). Plaintiff submitted a declaration by counsel, confirming that Defendant's business fails to provide any accessible route. The Court finds that barrier duly identified by counsel constitutes a clear violation of the ADA.

The ADA provides that, "[i]n the case of violations of sections 12182(b)(2)(A)(iv) . . . , injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter." 42 U.S.C. §12188(a)(2). Pursuant to § 12188(a)(2), this Court RECOMMENDS that the district court GRANT Plaintiff's request for an injunction requiring Defendant to comply with the ADA and pendant state

4

law fully at Cindy's Place and for the Court's continuing jurisdiction to monitor Defendant's compliance.

### III. Litigation Fees

Plaintiff also seeks an award of his reasonable attorney's fees and costs. A court, in its discretion, may award reasonable attorney's fees, litigation expenses, and costs to the prevailing party in an action commenced under the ADA. See 42 U.S.C. § 12205.

### A. Attorney's Fees

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000). To do so the court first determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Then the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in *Kerr* are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case,

(11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

Factors one through five have been subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending *City of Burlington v. Dague*, 505 U.S. 557, 567(1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987); *see also Fischer*, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiff's attorney requests the lodestar amount of $350.00/hr. plus GET calculated at 4.72% for work performed in connection with this case.

### Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. *See Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). Mr. Phillips was admitted to the Hawai`i bar in 1987 and is known to the Court to have litigated numerous ADA cases skillfully and expeditiously. The reasonable hourly rate should also reflect the prevailing market rates in the community. *See id.*; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). Mr. Phillips has submitted affidavits of other counsel knowable in this specialized area that the rate being sought by Mr. Phillips is reasonable. Moreover this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation. In fact this Court has deemed the requested rate reasonable for Mr. Phillips by this Court previously in similar cases. *See, e.g.,* USDC CV. 11-00505 JMS/BMK. Accordingly based on this Court's knowledge of the prevailing rates in the community for similar services, the Court finds that the requested hourly rate of $350 plus general excise tax is reasonable.

### 2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. *See Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. *See id.* at 637 (*citing INVST Fin. Group v. Chem-Nuclear Sys.,* 815 F.2d 391, 404 (6th Cir. 1987)). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Soler v. G & U, Inc.,* 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be

compensated. *See Gates*, 987 F.2d at 1399 (*quoting Hensley*, 461 U.S. at 433-34). However in this case the Court finds that the number of hours in the request is manifestly reasonable. *Sua sponte* the Court awards one hour of attorney's time for drafting post-hearing proposed findings and recommendation for the Court's consideration.

### 3. Total Award

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorney's fees as follows:

ATTORNEY HOURS RATE LODESTAR

Lunsford Dole Phillips 8.9 hours @ $350, totaling $3,115.00

Hawai`i General Excise Tax 4.72%, totaling $147.03

TOTAL LODESTAR $3,262.03

The Court finds it unnecessary to adjust the lodestar amount based on the Kerr factors. The Court RECOMMENDS that Plaintiff's request for attorney's fees as hereby calculated be GRANTED.

### B. Costs

Plaintiff only requests the filing fee and service fee as litigation costs, electing to waive all copying charges. The Court finds these costs to be reasonable and necessarily incurred in the pursuit of this action. The Court therefore RECOMMENDS that the district court GRANT Plaintiff's request for costs in full in the amount of $406.12.

### C. Damages

Plaintiff seeks the modest damages provided for in Hawaii Revised Statute § 347-13.5 for violation of that long-standing law. Given that Defendant is wholly responsible for this unnecessary litigation, the Court finds that amount of damages is also reasonable. The Court therefore

RECOMMENDS that the district court GRANT Plaintiff's request for damages in the amount of $1,000.00.

## CONCLUSION

On the basis of the foregoing, this Court FINDS AND RECOMMENDS that Plaintiff's Motion for Judgment by Default, filed November 8, 2011, be GRANTED. This Court also recommends that the district court:

1) GRANTS Plaintiff an injunction requiring Defendant to remove the barriers to accessibility required by law within ninety days of the entry of judgment with continuing jurisdiction exercised to monitor compliance;

2) GRANTS Plaintiff's request for attorney's fees in the amount of $3,262.03;

3) GRANTS Plaintiff's request for costs in the amount of $406.12; and

4) AWARDS Plaintiff damages in the amount of $1,000.00.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: 3 April 2012

ERIC PARR V. KALANI CORP.; CV. NO. 11-00514 ACK-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT

9